[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 504 
There were living at the death of the testator two sons and three daughters, and the issue of five children who had died before the making of the will.
By his will, he devised the north part of his homestead farm to his executors, in trust, to receive the rents and profits and apply them to the use of his son William during his life; and, upon his death, to sell the land and distribute and divide the proceeds among the children of William and their issue; "and upon the further trust, that if the said William shall die without leaving issue, him surviving, then to pay, distribute and divide the same, equally, to and among my surviving children, and the issue of such of them as may have died leaving issue, such issue to take the share their parents would have taken if living." William died without issue after the death of the testator. The four other children of the testator, who survived him, died, leaving issue, before the death of William. The executors have sold the land pursuant to the direction in the will, and have the proceeds in their hands for distribution. The question is, whether, under the words "my surviving children, and the issue of such of them as may have died leaving issue," the issue of the children of the testator who died before the making of the will are included.
It is apparent, from the other provisions of the will, that there was no general purpose, on the part of the testator, to exclude the issue of children who were deceased when the will was made from sharing in his estate. Several of them were named as residuary legatees, with his surviving daughters, and he gave to one a pecuniary legacy. If the construction of the clause in question, claimed by the appellants, and adopted by the surrogate, is correct, viz.: That the gift over in case of the death of the testator's son *Page 506 
William, without issue, was to the children of the testator who survived him, and their issue exclusively, it follows that the issue of any child who died intermediate the making of the will and the death of the testator would be excluded from sharing in the gift, as well as the issue of children who died before the will was made; and if there had been but one surviving child he and his issue would have taken the whole gift. If the gift had been immediate, to take effect, in possession, on the death of the testator, the issue of children who had died before him would, by necessary construction, be comprehended.
It is to be observed that the gift is of money, and not of land. The direction for conversion is absolute; and the trustees are to divide the proceeds of the sale of the land among the persons entitled on the death of the tenant for life. That is the period fixed for the division, and it is a general rule of construction that words of survivorship, in bequests of personal estate, are to be referred to the period of division and enjoyment, unless there is a special intent to the contrary. And legacies given to a class of persons vest in those who answer the description, and are capable of taking at the time of distribution. They are deemed to be the objects of the gift. (Cripps v. Wolcott, 4 Mad., 12; Hoghton v. Whitgreave, 1 Jac. Walk., 146; 2 Jar. on Wills, 641.)
There is some obscurity in the language of the testator, but we are of opinion that the issue of his deceased children, living at the death of his son William, take as primary legatees, under the clause in question, without distinction as between those whose parents died before and those who died after the making of the will. The word them refers to all his children, and not to the surviving children only. This conclusion is, we think, justified by the authorities, and avoids a construction which would, most likely, defeat the intention of the testator, by excluding from a general family provision the issue of children who died before him, and who, so far as we can see, were, to the same extent, as the issue of *Page 507 
his children living at his death, objects of his regard. (Tytherleigh v. Harbin, 6 Sim., 329; Clay v. Rennington,
7 id., 370; 2 Jar on Wills, 684.)
The judgment should be affirmed.
All concur.
Judgment affirmed.