Barnard, P. J.
The testator, by his last will, directed the residuum of his estate to be distributed among certain persons, or classes of persons, each to take a share.
Two shares went to one person named, and three other shares went to three other persons named in the will, then follows this portion of the will giving shares to classes:
“ One share to each of the children living at the time of my death, of my deceased brother, Isaac Barker; one *424 share to each of the children living at the time of my death of my deceased brother, Nathaniel Barker'; one share to each of the children living at the time of my death of my deceased brother, Thomas Barker; one share to each of the children living at the time of my death of my deceased brother, Elijah C. Barker; one share to each of the children living at the time of my death of my deceased sister, Jane Hart; one share to each of the children living at the time of my death of my deceased sister, Mary Crawford, but in case any one or more of the children of either or any of my deceased brothers and sisters mentioned in this clause of my will shall die, or have died, before me, leaving lawful issue, then and in that case such issue of my deceased nephew or niece shall receive the share which his or her ancestor would have received under this clause of my will had he or she been living at the time of my death excepting in the case of the issue of Lemuel Crawford, deceased, to whom this clause shall not apply, the children of the said Lemuel Crawford, deceased, having been left a legacy in a former clause of this will.”
Some of the nephews and nieces had died before the date of the will, and some had died intermediate the date of the will and the death of the testator. The question is, whether under this clause the children of the nephews and nieces who died before testator’s will was made, take the share to which the parent would have been entitled if he had lived until the will took effect.
The case has been very elaborately argued, and the argument discloses very considerable diversity upon the question as to what words make a permanent legacy and what a substituted one.
All the cases cited differ more or less from the present one. The leading case of Christopherson v. Naylor (1 Meriv., 320) differs essentially. The legacies intended for the child in case of death “shall be for his, her or their issue.” These were held to be words of substitution only.
It is doubtful whether under the rule so constantly asserted by the court of appeals, that the intention of the testator shall prevail, the case would be followed with the same language. The testator certainly intended, in case of the death of one legatee, that another should take from him. The will in the present case goes further.
It provides for a case where a person shall die “or have-died before me.”
There is no reason why the will, which seems to have been drawn to meet deaths already happened, as well as. those which “shall” happen, is not to have full force in one case as well as in the other.
The words of the will plainly refer to all the brothers *425 and sisters mentioned in the seventh clause (the one in question), and the deaths are those which have, or are possible to happen.
The testator, so far as disclosed, had the same love and affection to the descendants of all his nephews and nieces. It would both be just, and meet the intent of the will to include these in the clause, who were dead when the will was made. Teed v. Morton, 60 N. Y., 502.
The judgment should, therefore, be affirmed, with costs.
Dykman and Pratt, JJ., concur.