EDWARD KILPATRICK, Appellant, *v.* MARY E. BARRON, Respondent.

*Will — devise in trust to pay income to children, and descendants of deceased children, and on marriage of all the beneficiaries or after expiration of two lives to sell — a valid title cannot be given during the continuance of the two lives, if the children remain unmarried — marketable title.*

A testator by his will devised and bequeathed to his executrices the residue of his estate, with directions to turn it into money and to invest it in bonds, mortgages, improved real estate and public stocks, and divide it into as many portions as he should leave children, or descendants of children, to pay one equal share to the lawful descendants of each child which should die before the testator, and to invest one share for each of his children, and pay the income thereof to the child during her natural life, and upon the death of such child to divide such share equally between her children, and in case any child should die leaving no lawful issue to divide the share of such child equally among the surviving children of the testator.

The executrices were also directed "to suffer and permit my unmarried daughters, during the life or lives of my two daughters, Agnes K. Geraty and Ada H. Geraty, or so long as any of my said daughters shall remain unmarried, to occupy, as a home, free of rent, my said house, known and designated as No. 54 East Seventy-ninth street, in the city of New York, together with all the furniture," etc.; and, further, "Upon the death of my two children, Agnes K. Geraty and Ada H. Geraty, or the marriage of all my children, as either of said events may respectively occur, I order and direct that my said house, known as No. 54 East Seventy-ninth street, New York city, shall be sold, and the proceeds arising therefrom be paid and divided to and among my children and their descendants."

*Held,* that neither the testator's children, nor the infant son of one of his daughters who had died prior to the decease of the testator, nor the two children, Agnes K. Geraty and Ada H. Geraty, acquired under the provisions of the will the title in fee to the premises No. 54 East Seventy-ninth street; that their rights in the property were confined to the right of possession, with a defeasible title, subject to the execution of the power on the part of the executrices, when either event occurred upon the happening of which such power could be exercised, and a right to share in the proceeds of the sale in the event that such children and the infant son should be living at that time. (Per Daniels, J.)

*Murray* v. *Murray* (7 N Y. St. Rep., 391) distinguished.

That as the title to the property, or the right to the proceeds arising from its sale, was not, prior to the happening of the events named in the will, absolutely vested in these children, they were not entitled to make their election to take the property and prevent the exercise of the power of sale. (Per Daniels, J.)

That the title which could be thus given was not a marketable title such as a contract purchaser was bound to accept in execution of his contract.

APPEAL by the plaintiff from a judgment recovered on a trial at the New York Special Term, entered in the office of the clerk of the county of New York, on February 6, 1889.

*D. G. Crosby*, for the appellant.

*Robert W. Todd*, for the respondent.

DANIELS, J.:

The defendant, as the executrix of the estate of Thomas H. Geraty, deceased, entered into a contract with the plaintiff for the sale and conveyance to him of premises known as No. 54 East Seventy-ninth street, in the city of New York. And by her agreement, for the consideration therein mentioned, agreed to deliver to the plaintiff an executor's deed, containing the usual full covenants, for the conveying and assuring to him the fee simple of the premises free from all incumbrances. The plaintiff paid upon the contract the sum of $1,000, and afterwards, deeming the defendant unable to convey the title, as that was agreed upon by the contract, brought this action to recover back the amount that had been paid, together with the expenses incurred in the examination of the title. To perform the agreement on her part the defendant presented herself at the place agreed upon for that purpose, with the deed subscribed and acknowledged by herself as the sole executrix of the estate, in form complying with the language of the contract. Added to this was a further deed, executed also by herself and all the living children of the testator, for the conveyance of the same property and a third deed executed by her, as the sole executrix and trustee under the will of the testator's deceased daughter Margaret A. Fagan, for the conveyance of any interest which the testatrix had in the premises at the time of her decease or which had been vested in her surviving infant son under her will. And no question is made in the case but that she possessed the authority to execute and deliver the last of these three conveyances. But her power to convey this land as sole surviving executrix and trustee, and the power both of herself and her living children to make that conveyance has been denied by the plaintiff. And, in support of that denial, reference is made to the provisions of the will of the testator, who was the owner of this land at the time of his decease. By these provisions he devised

and bequeathed to his executrices all the rest, residue and remainder of his estate, both real and personal, except that previously disposed of. This devise and bequest was generally to sell and dispose of the property and turn it into money, and after paying the debts of the testator and his funeral expenses, to invest the residue in bonds and mortgages on improved and unincumbered real estate in the city of New York, or in public stocks of the State of New York or the United States, and then to divide said rest and residue, or the proceeds thereof, into as many portions as he should leave children, or descendants of children, at the time of his decease, and then to pay one equal share or portion thereof to the lawful descendants of each of his children who should have departed this life before himself, leaving lawful issue surviving him to be divided among them share and share alike, and to invest one of the shares for each of his children, and to pay the income or interest, derived from each of such shares, in quarterly payments to the child for whom the same should be invested, during her natural life. And upon the death of his children, as that event should respectively happen, to pay over the share of the child dying and divide the same equally between the children of that child. But in case any of his children should depart this life leaving no lawful issue surviving them, then the share or portion set apart and invested for that child was directed to be paid over and divided equally among his surviving children. This power of disposition was not otherwise qualified than that the improved property of the testator should only be sold when it clearly appeared to be necessary for the benefit of his estate. From these general directions for the sale and investment and disposition of his estate, he excepted the premises now in controversy, together with the furniture and other things in and about the dwelling. And after making this exception, the executors were directed "to suffer and permit my unmarried daughters, during the life or lives of my two daughters, Agnes K. Geraty and Ada H. Geraty, or so long as any of my said daughters shall remain unmarried, to occupy as a home, free of rent, my said house known and designated as number fifty-four (54) East Seventy-ninth (79th) street, in the city of New York, together with all the furniture, plate, linen, china, glass, books, prints, pictures, fuel and other household effects that may be in said house at the time of my death.

" Should any of my daughters at any time marry, then I direct that she shall not occupy said house as a home except by the consent of all her unmarried sisters." And added to this direction was a power of sale given to the executrices or the survivor of them, empowering her or them as follows : " Upon the death of my two children, Agnes K. Geraty and Ada H. Geraty, or the marriage of all my children, as either of said events may respectively occur, I order and direct that my said house, known as 54 East Seventy-ninth street, New York city, shall be sold and the proceeds arising therefrom be paid and divided to and among my children and their descendants."

The testator, at the time of his decease, left surviving him six daughters, neither of whom were married, except Margaret A. Fagan, deceased. Josephine, one of the remaining daughters, became an inmate of a convent, and the other four are still entitled to the use, possession and occupancy of these premises. And, under the will, they are entitled to continue in that use and occupancy until the death of the testator's two children Agnes K. and Ada H. Geraty, or the marriage of all his children, as either of such events may first occur. No estate in the premises has been given by the will to these daughters. But, as the executrices were vested with no more than a power of sale over the property, the testator's daughters became seized of the title to the land subject to the execution of this power vested in the executrices and the survivor of them. But the exercise of the power created by the will for the sale and conveyance of this land was dependent upon the occurrences of one of two events. They were the decease of the testator's two children Agnes K. and Ada H., or the marriage of all his children. And neither of these events had occurred at the time when the conveyances were presented to the plaintiff at the place mentioned in the contract for its final performance. These two daughters were still living, and neither of the five surviving daughters of the testator were married, and, for that reason the period prescribed for the sale of the property had not arrived. In this respect the case is entirely different from that of *Murray* v. *Murray* (7 N. Y. State Rep., 391), where a complete power of sale existed at the time when it was proposed to be and was, in fact, executed ; while here the power of sale was contingent and

dependent upon the occurrence of one or two events, neither of which had occurred at the time when the deeds were proposed to be delivered. The surviving executrix, therefore, was not in a condition to execute this power. For it has been held that the extent of a power, like the extent of an agency created by a written power of attorney, must be sought for in the instrument conferring the power, and authority not found there does not exist. (*Hetzel v. Barber*, 69 N. Y., 1, 13.)

But in behalf of the surviving executrix the position has been taken that the children of the testator, for whose benefit this power was primarily created, were entitled to make their election that the power should not be resorted to, but that they should at once secure the advantage of the sale of the property by a conveyance made and executed by them for that object; and that position under the authorities might probably be sustained, if these children were absolutely vested with the title to this land or to the proceeds arising from its sale. But as that has been directed by the will, they were not so entitled, for whatever interest vested in them by descent was liable to be defeated by the exercise of this power of sale given to the surviving executrix as well for their descendants as themselves. The children were not absolutely entitled to the proceeds of the sale of the property, for those proceeds were to be distributed among them and their descendants. Under this direction, if either of the testator's remaining daughters should marry and have issue living, and die leaving surviving children prior to the decease of the daughters Agnes K. and Ada H., these children would be entitled to participate in the division of the proceeds of the sale of the land, and their title to such proceeds would not be derived from the deceased parent, but from the directions contained in the will of the testator. The event is not improbable that two or even three of the testator's daughters may marry, and each die leaving children prior to the decease of Agnes K. or Ada H. remaining unmarried. In that event the deceased daughter would be entitled to no part of the proceeds arising out of the sale of this land, but the share which would otherwise be received by the daughter so dying would, by the testator's will, vest in and become the property of her children. And that might very well be the case with three of the testator's daughters living at the time of his decease.

By the language which has been employed in this part of the will, the sale of the land was not to be made until one or the other of the events mentioned had transpired. And when the sale should in that manner be made, its proceeds were to be distributed among the testator's children who were living and the descendants of those who were deceased. It was at the occurrence of one of these events only that this sale and distribution were directed to take place, and the reasonable import of the language used by the testator is, that the persons answering the description contained in the reference made to them in the will, were those, and only those, who were to share in the proceeds of the sale of this property. The legal rule is conformable to the language of the will, for "legacies given to a class of persons vest in those who answer the description and are capable of taking at the time of distribution. They are deemed to be the objects of the gift." (*Teed* v. *Morton*, 60 N. Y., 502, 506; *De Laney* v. *McCormack*, 88 id., 174, 183.)

Neither the testator's children nor the infant son of the daughter who died, had, at the time when these deeds were offered for delivery, the title to this land. What they had in the property was a right of possession, with a defeasible title, subject to the execution of the power, when either event occurred upon which it could be exercised, and to share in the proceeds of the sale so far as they might be living at that time. So far as a daughter should then be deceased, both the right and the title would vest under the will in her surviving children. And those children, after either event happened upon which the power was dependent, would be entitled to insist upon the execution of the power, the sale of the property and the distribution of its proceeds, receiving for themselves the shares which they would then be entitled to under the will. And if a sale should now take place, and the proceeds of the property be divided among the testator's daughters, and the child of the daughter deceased, another sale and division of the proceeds would become necessary and legal after the decease of the daughters if they left descendants or children surviving them. It follows, therefore, that the title proposed to be given by these deeds to the plaintiff was not such a title as he was authorized to demand under the language of the contract. And where that is the fact, or the title may be the subject of serious doubt, the law will not compel

the purchaser to accept, or receive it. (*Methodist Episcopal Church Home* v. *Thompson*, 108 N. Y., 618.)

The judgment adjudging the title to be such as the plaintiff was bound to receive, and directing a specific performance of the contract, was, therefore, erroneous, and it should be reversed, and a new trial ordered, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J.:

Without concurring in or dissenting from the construction placed by Mr. Justice DANIELS upon the will of Thomas H. Geraty, deceased, I concur in the conclusion arrived at by him.

A purchaser of land is entitled to a marketable title. A title open to a reasonable doubt is not a marketable one; and where such title depends upon a will the construction of which is open to discussion, even if the court is of opinion that the true construction will give the purchaser a good title, he should not be required to run the risk of a subsequent different construction being put upon the will. The heirs and next of kin of the testator are not bound by the construction put upon the will in an action between seller and purchaser, and, consequently, no binding construction can be given to the will.

Judgment reversed and new trial ordered, with costs to plaintiff to abide event.