In the Matter of the Judicial Settlement of the Account of the
WESTCHESTER TRUST COMPANY, as Substituted Trustee of
the Trust Created in and by the Last Will and Testament of
MARGARET DE FRATE HODGMAN, Deceased, for the Benefit
of MARY L. SEAMAN and Certain Remaindermen.
JANE S. VAN ETTEN, Appellant; NINA VON BACH SEAMAN,
Individually and as Executrix of ALLAN H. SEAMAN,
Deceased, Respondent.

*(Supreme Court, Appellate Division, Second Department, June 23, 1916.)*

WILL—TRUST OF PERSONALTY—VESTED REMAINDER.

Where a testatrix leaves personal property in trust during the life of
her daughter, directing the trustees "to pay her the net income thereof
semi-annually during her life, and upon her death to pay and transfer
the principal thereof to her lawful issue, or in default of such issue to
divide the same equally among her brothers and sister, the descendants
of any deceased brother or sister to take the share their parent would
have been entitled to if living," the son of the daughter living at the
execution of the will did not take a vested remainder, and, hence, upon
his death prior to the death of his mother, leaving no issue, his interest
should be paid to his sister, she being the only issue of the life bene-
ficiary when the trust terminated.

Where there is a gift of personalty to a class distributable on a future
event, that class consists of those who answer the description and are
capable of taking at the time of the distribution.

APPEAL by Jane S. Van Etten from part of a decree of the
Surrogate's Court of the county of Westchester, entered in the
office of said Surrogate's Court on the 14th day of April, 1916,
construing the will of Margaret De Frate Hodgman, deceased,
and settling the accounts herein.

Clarence L. Westcott (Egbert C. Simonson with him on the
brief), for the appellant.

Henry Willis Smith, for the respondent.

CARR, J.— The only question involved on this appeal is one of law, namely, the construction of the 4th clause of the will of Margaret Hodgman, deceased. The particular provision requiring construction is the final subdivision of the 4th clause of the will, which reads as follows:

" And the remaining equal fifth part I give and bequeath to my Executors, or those of them who shall qualify as such, and the survivors or survivor of them, in trust and to hold the same during the life of my daughter Mary Louisa Seaman, and to pay her the net income thereof, semi-annually, during her life, and upon her death, to pay and transfer the principal thereof to her lawful issue, or in default of such issue, to divide the same equally among her brothers and sister, the descendants of any deceased brother or sister to take the share their parent would have been entitled to if living."

When Mrs. Hodgman made this will her daughter, Mary Louisa Seaman, had two living children, a son, Allan H. Seaman, and a daughter, Jane Seaman, now Jane Van Ettan, and no other children were born of her subsequently. Allan died on the same day as his mother, Mary Louisa, the life tenant, but earlier in the day. He left no issue, but by a last will and testament he devised to his widow, Nina Von Bach Seaman, all his estate. His sister, Jane Van Etten, survived both his mother and himself, and was the only issue of Mary Louisa Seaman when the trust terminated. The question for decision is whether Allan took a vested remainder in the estate held in trust during his mother's life. If so, then the portion so vested passed to his widow under his will. If not, then the whole corpus of the trust fund passed to Jane Van Etten, his sister, as the only surviving issue of Mary Louisa Seaman. The surrogate of Westchester county decided that Allan took a vested alienable interest in the estate. The sister, Jane Van Etten, now appeals.

We think the surrogate was in error in deciding that Allan

took a vested remainder.  We think the gift to the " issue "
of Mary Louisa Seaman was a gift to a class, determinable
as it existed upon her death.  It must be assumed that the
one-fifth share of Mrs. Hodgman's estate, set apart for the life
interest of Mary Louisa Seaman, was personalty, because Mrs.
Hodgman's will worked an equitable conversion of her real
property, if she died seized of any.  Where there is a gift of
personalty to a class distributable on a future event, that class
consists of " those who answer the description, and are capa-
ble of taking at the time of distribution."  (Teed v. Morton,
60 N. Y. 502, 506; Delaney v. McCormack, 88 id. 174, 183;
Schmidt v. Jewett, 127 App. Div. 376; affd., 195 N. Y. 486.)
This is the general rule.  Is there any language in the will of
Mrs. Hodgman to show contrary intent?  We think not, and
we find language which indicates that the actual intent of the
testatrix, Mrs. Hodgman, was in accord with the general tech-
nical rule.  The whole " Fourth " clause of her will shows that
she desired to keep her estate in the possession of *her* descend-
ants as long as she could do so safely without violating the
statute as to unlawful suspensions.  The provision as to Mary
Louisa Seaman is precisely the same as that made for Mrs.
Hodgman's three sons and another daughter, Josephine Brower.
All five provisions are for life estates in children of Mrs. Hodg-
man, with remainders over to the issue of the respective chil-
dren, who, of course, should be descendants of the testatrix
herself.  Each of these provisions as to remainders over to the
issue of the respective life tenants are qualified by the distinct
provisions that in the event that the life tenants should leave
no issue, then the respective estates were to vest in the
brothers and sisters of the life tenant, if living, or in their
descendants, if any should die during the running of the
respective trusts.  It is quite an important circumstance, on
the question of Mrs. Hodgman's testamentary intent, that she
made these qualifying provision as to each of the five separate

trusts. They seem to indicate an intent to confine the distribution of the respective trust funds within the channels of her own descendants. If so, then neither Allan Seaman nor his sister took a vested remainder during the life of the mother, Mary Louisa. If they did, then he and his sister became possessed of an inalienable interest which they could dispose of in such a manner that their respective interests could pass to a stranger, excluding even their own issue, if they left any, and thus thwarting the apparent testamentary plan of the testatrix, his grandmother, Mrs. Hodgman. Mrs. Hodgman's will bears every evidence of careful and skillful preparation by its draftsman. It is orderly in its arrangement and apt in its expression. As we see it, there is no ambiguity in it. Its proper interpretation would not disinherit the possible issue of such children of Mary Louisa Seaman who may have died during the running of the life estate, for such issue, if existing at the termination of the trust, would take directly by substitution. (Schmidt v. Jewett, 127 App. Div. 376, 378.) The case at bar is not similar to those in Goodwin v. Coddington (154 N. Y. 283), Matter of Brown (Id. 313) and Connelly v. O'Brien (166 id. 406). In Goodwin v. Coddington and Connelly v. O'Brien the court adopted an interpretation which would not exclude the issue, or children, of a remainderman who died during the running of the life estate, but that situation does not arise in this case. Nor, as we think, does this case fall within the rules applied in Matter of Brown (*supra*), in view of the substantially different language of this will.

The decree of the Surrogate's Court of Westchester county should be reversed in so far as it directs payment to Nina Von Bach Seaman, as executrix of the last will of Allan Seaman, deceased, of any portion of the trust fund, either corpus or accrued income, held in trust during the life of Mary Louisa Seaman, deceased; and it should be modified by directing the

payment of said fund and accumulated income to the appellant Jane S. Van Etten, and as so modified affirmed with costs.

JENKS, P. J., THOMAS, STAPLETON and PUTNAM, JJ., concurred.

Decree of the Surrogate's Court of Westchester county reversed in so far as it directs payment to Nina Von Bach Seaman, as executrix of the last will of Allan Seaman, deceased, of any portion of the trust fund, either corpus or accrued income, held in trust during the life of Mary Louisa Seaman, deceased; and modified by directing the payment of said fund and accumulated income to the appellant Jane S. Van Etten; and as so modified affirmed, with costs to the appellant.