Joseph A. Cox, S.
In this accounting proceeding a construction of the will is requested in order to determine the disposition of the remainder of a trust fund. The testamentary language applicable to the distribution of this trust remainder, as well as others, reads as follows: “ And at and upon the death of each of such beneficiaries surviving me, to pay over the remainder of the principal of such share ® * * unto his or her child or children, share and share alike, the issue of any deceased child to take the share the parent would have been entitled to if living.”
The fund accounted for is a trust for the benefit of a grandchild of the testator, one E. Norman Scott. This income beneficiary had three children, one of whom predeceased him without issue. The two surviving children and their respective assignees contend that under the existing circumstances the remainder passes to them. The husband of the predeceased daughter of the income beneficiary, who is a legatee under his wife’s will, argues that the remainder is payable to her estate.
The question so presented is whether the beneficiary’s daughter, who survived the testator but predeceased her father, acquired a vested remainder interest subject to divestment only in the event of her death during the trust term leaving issue surviving her (cf. Matter of Krooss, 302 N. Y. 424). The alternative is that this daughter was granted a contingent remainder interest to which she would become entitled only if she were to survive the trust term.
This will clearly provides a gift to a class of persons to be determined at the time for distribution of the trust remainder (Matter of Smith, 131 N. Y. 239, 247 ; Teed v. Morton, 60 N. Y. 502 ; Matter of Crane, 164 N. Y. 71, 76 ; Salter v. Drowne, 205 N. Y. 204, 216 ; New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93, 103). That class consists of living children of the income beneficiary and the surviving issue of such of the beneficiary’s children as shall have predeceased him. The condition of survivorship by a child at the time for distribution is expressed in the testator’s use of the words “ the share the parent would be entitled to if living ’ ’ for, if divestiture only in the event of *1016 the death of a child leaving issue were intended, the two important words “ if living ” would have to be ignored. The rationale of Matter of Gautier (3 N Y 2d 502) is fully applicable to the construction of this will and, accordingly, it is held that the estate of the deceased daughter of the income beneficiary acquired no interest in the trust remainder and it is payable to the children of the beneficiary who survived him.
In view of this conclusion any question as to the validity of the assignment of the deceased daughter’s interest in the trust is academic. The fees and disbursements of the attorneys for the petitioner will be fixed upon submission of an affidavit of legal services with the proposed decree settling the account.