SYLVESTER W. HALL, Appellant, *v.* THE LA FRANCE FIRE ENGINE COMPANY, Respondent.

1. EJECTMENT — ACTION DEFEATED BY OUTSTANDING DEED FROM PLAINTIFF. An action of ejectment is defeated by the existence of a deed executed and delivered by the plaintiff, by which, upon its face, he grants to the defendant the premises in suit, even though he claims that that was not the agreement of the parties and that they did not intend the deed to have that effect.

2. CONTINGENT REMAINDER. A conveyance to one "to have and to hold for and during her natural life, and at her death to the heir or heirs of her body her surviving," creates a contingent remainder.

*Hall* v. *La France F. E. Co.*, 8 App. Div. 616, affirmed.

(Argued March 3, 1899; decided April 18, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered August 17, 1896, affirming a judgment in favor of defendant entered upon a decision of the court dismissing the complaint on trial at Circuit without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. H. Benn* for appellant. Plaintiff has a good title as heir of his son. (*Heath* v. *Hewitt*, 127 N. Y. 166; *Scott* v. *Guernsey*, 48 N. Y. 106; *Heard* v. *Horton*, 1 Den. 165; *Vannorsdall* v. *Van Deventer*, 51 Barb. 137; *Wood* v. *Taylor*, 9 Misc. Rep. 640; *Van Axte* v. *Fisher*, 117 N. Y. 401; *Van Camp* v. *Fowler*, 59 Hun, 311; *Moore* v. *Lyons*, 25 Wend. 119; 4 Kent's Comm. 205; *Livingston* v. *Greene*, 52 N. Y. 118; *Bedell* v. *Guyon*, 12 Hun, 396.) The claim of the defendant's counsel that the habendum is repugnant to the granting clause and, therefore, void, and that the conveyance was to Anna P. Hall in fee is not true in law or fact. (*Wood* v. *Taylor*, 9 Misc. Rep. 640; 1 R. S. 722, § 3; *Jackson* v. *Ireland*, 3 Wend. 99; 1 Hilliard on Real Prop. [2d ed.] 607.) The claim of defendant's counsel, that if it shall be held that the conveyance to Anna P. Hall was only of a life estate then that the remainder over was contingent upon Anna P. Hall's having issue of her body her surviving, and

that as she left no one, the property reverted to the grantor, is untenable.   (1 R. S. 723, § 13 ; 4 Kent's Comm. 206, 207.) Plaintiff, when he signed the deed to the defendant, had no intention of conveying the fee or any interest in the land except to dedicate to the public one-half of Home street, and he conveyed nothing more.   (1 R. S. 748, §§ 1, 2 ; *Tracy* v. *A. E. Co.*, 7 N. Y. 474 ; 2 Kent's Comm. 554, 555 ; *Hathaway* v. *Power*, 6 Hill, 455 ; *Higgins* v. *Eagleton*, 13 Misc. Rep. 223 ; *Bixby* v. *Casino Co.*, 14 Misc. Rep. 347 ; *Cree* v. *Bristol*, 12 Misc. Rep. 1 ; *Follett* v. *People*, 17 Barb. 196 ; *Curtis* v. *Leavitt*, 15 N. Y. 259 ; *Morey* v. *F. L. & T. Co.*, 14 N. Y. 306 ; *Sharpe* v. *Freeman*, 45 N. Y. 804 ; *Flora* v. *Carbean*, 38 N. Y. 111.)   The claim of defendant's counsel that the plaintiff, by joining in the deed and seeing valuable improvements made on the property, is estopped now from claiming title, is untenable.   (*Baker* v. *U. M. L. Ins. Co.*, 43 N. Y. 283 ; *Brewster* v. *Striker*, 2 N. Y. 19 ; *Christianson* v. *Linford*, 3 Robt. 215 ; *Miller* v. *Platt*, 5 Duer, 273 ; *N. Y. R. Co.*, v. *Rothery*, 107 N. Y. 310 ; *Haight* v. *Price*, 21 N. Y. 241 ; *Galway* v. *M. E. R. Co.*, 128 N. Y. 132 ; *Kingston Bank* v. *Eltinge*, 40 N. Y. 391 ; *U. N. Bank* v. *S. N. Bank*, 43 N. Y. 452 ; *Seeley* v. *Engell*, 13 N. Y. 542.)

*George M. Diven* for respondent.   The conveyance from Samuel Partridge to Mrs. Hall conveyed a title in fee, and this for the reason that the habendum clause is repugnant to the premises of the deed, and, therefore, void.   (Gerard on Tit. [3d ed.] 502 ; 2 Black. Comm. 298 ; *Goodlittle* v. *Gibbs*, 3 B. & C. 709 ; *Deaver* v. *Rice*, 3 Battle [N. C.], 433 ; 3 Washb. on Real Prop. [3d ed.] 372 ; *Jackson* v. *Ireland*, 3 Wend. 99 ; *Budd* v. *Brooke*, 3 Gill, 198 ; *Farquharsen* v. *Eichelberger*, 15 Md. 63 ; *Tyler* v. *Moore*, 42 Penn. St. 374 ; *Wager* v. *Wager*, 1 S. & R. 373 ; *Mott* v. *Richtmyer*, 57 N. Y. 49 ; *Campbell* v. *Beaumont*, 91 N. Y. 464 ; *Wood* v. *Taylor*, 9 Misc. Rep. 640.)   If, however, it should be held that the deed from Mr. Partridge to Mrs. Hall conveyed to her only a life estate with remainder over, then such remainder must be held

to be a contingent remainder under the statute; contingent upon her leaving issue of her body her surviving, so that until her death it could not be determined who was entitled, and in case of her dying without leaving heirs of her body her surviving, the remainder failed and the estate reverted to the grantor or his heirs. (1 R. S. 723, § 13; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Evans* v. *Evans*, L. R. [2 Ch. Div. 1892] 173; *Moore* v. *Littel*, 41 N. Y. 66; *Leslie* v. *Marshall*, 31 Barb. 560; *Purdy* v. *Hayt*, 92 N. Y. 446; *Matter of Ryder*, 11 Paige, 185; *Savage* v. *Barnham*, 17 N. Y. 571; *Carmichael* v. *Carmichael*, 4 Keyes, 346; *McGillis* v. *McGillis*, 154 N. Y. 532; *Lingsweiler* v. *Hart*, 10 App. Div. 156.) Conceding that the deed from Mr. Partridge conveyed to Mrs. Hall only a life estate, with remainder over, which remainder was, under the statute, vested by reason of Mrs. Hall's having a child living at the time the deed was delivered, yet it must be held that such remainder was divested by the death of the child before that of the mother. (*Lawrence* v. *Bayard*, 7 Paige, 75; *Campbell* v. *Stokes*, 142 N. Y. 23; *Meade* v. *Mitchell*, 17 N. Y. 210; *Townsend* v. *Frommer*, 125 N. Y. 446; *Camp* v. *Conkright*, 59 Hun, 488; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Nodine* v. *Greenfield*, 7 Paige, 544; *Williamson* v. *Field*, 2 Sandf. Ch. 533; *Kane* v. *Astor*, 5 Sandf. 467; *Sheridan* v. *House*, 4 Keyes, 586.) If it could be held that there was in this case a vested remainder inherited by Mr. Hall, or that he in any way became or could become entitled to an interest in the property, he conveyed that interest by joining in the deed from Mrs. Hall and himself to the La France Manufacturing Company, the predecessor of the defendant in the ownership of the property described in the complaint herein, and he is thereby estopped from now making any claim against the defendant. (*Wilson* v. *Deen*, 74 N. Y. 531; *Eighmie* v. *Taylor*, 98 N. Y. 294; *Chapin* v. *Dobson*, 78 N. Y. 74; *Marsh* v. *McNair*, 99 N. Y. 174; *Englehorn* v. *Reitlinger*, 122 N. Y. 76; *Thomas* v. *Scutt*, 127 N. Y. 133; *Collender* v. *Dinsmore*, 55 N. Y. 200; *House* v. *Walch*, 144 N. Y. 418.)

The plaintiff, by his action in joining in the deed to the
La France Manufacturing Company, in standing by and see-
ing valuable improvements made upon the property, without
any notice of any claim on his part, contingent or otherwise,
to the property, is now estopped from maintaining this action.
(*Storrs* v. *Baker*, 6 Johns. Ch. 166 ; *Wood* v. *Seely*, 32 N. Y.
105; *Tilton* v. *Nelson*, 27 Barb. 595 ; *C. Nat. Bank* v. *Nat.
Bank*, 50 N. Y. 575 ; *Thompson* v. *Simpson*, 128 N. Y. 270.)

Parker, Ch. J.   This action is in ejectment and relates to
lands that the defendant entered into possession of more than
a quarter of a century ago under a deed to which this plain-
tiff and his wife were parties of the first part.   Samuel Part-
ridge and wife, who were the father and mother of Anna P.
Hall, the plaintiff's wife, executed and delivered to her a cer-
tain deed of the premises in question by which there was con-
veyed to her a life estate therein, with the remainder to the
heirs of her body her surviving ; at the time of the delivery
of the deed she had one child, who subsequently died, but
long before April, 1873, the date of the deed to this defend-
ant; afterward plaintiff's wife died, leaving no surviving chil-
dren, and his claim is that the remainder was vested in the
child and upon the latter's death descended to him.

It will be observed from the statement made that a serious
difficulty confronts the plaintiff at the outset in the fact that
long after the death of his child, by which event he claims that
the property descended to him, he united with his wife in a
deed conveying the premises to this defendant.   It is true that
the deed, after the description of the premises, contained the
following : " The said premises above described and hereby
conveyed are shown on a map hereto annexed, which, for the
purposes of description, is made a part of this conveyance ; and
the lands laid down and marked upon said map as streets, to
wit, Junction street, Home street and South street, are hereby
dedicated and reserved by all the parties hereto for and as pub-
lic streets, and the said Sylvester W. Hall joins in this convey-
ance for the purpose of such dedication, so far as said streets

as laid down upon said map are situate upon lands belonging
to him." It is urged by this appellant that this clause shows
that the purpose of the plaintiff in uniting in the deed with
his wife was merely to give effect to an agreement between
the parties as to the dedication of certain lands for highway
purposes, and that it embraced lands owned by the plaintiff
individually ; while on the other hand it is insisted that the
introduction of the clause in the deed was for the purpose of
bringing within the scope of it certain lands laid out for
streets on land of the plaintiff, and not for the purpose of cut-
ting down or qualifying in any way the legal effect of the exe-
cution of the deed by the plaintiff, wherein he describes him-
self as one of the parties of the first part.

It certainly cannot be told with any degree of certainty,
from an examination of the instrument alone, what the parties
really intended, nor is it our province to indulge in any
speculation about it. The plaintiff saw fit to bring an action
in ejectment, and finds himself confronted with a deed he exe-
cuted, and by which, in terms, he grants to the defendant the
premises in controversy, and he is not in a position to claim
that the deed should be so modified as to become such a
deed as it was his purpose to execute. If it be true that he
did not unite in the deed for the purpose of conveying, among
other things, whatever interest he had in the premises which
were being conveyed to this defendant, and that the purpose
was merely to assure to the grantee the continued use of cer-
tain streets that had been laid out upon lands belonging to
him, then, instead of bringing a common-law action of eject-
ment, the plaintiff should have brought suit on the equity side
of the court to so reform the deed that it should express the
real agreement of the parties. In this action he must fail
because of the existence of a deed, executed by himself, by
which, upon its face, he grants to this defendant whatever
interest he had in the premises in suit.

The plaintiff's alleged cause of action has still another infirm-
ity. The habendum clause in the deed from Samuel Partridge
and wife to the plaintiff's wife reads as follows : " To have

and to hold all and singular the above-mentioned and described premises unto the said party of the second part, for and during her natural life, and at her death to the heir or heirs of her body her surviving. With 'the appurtenances, 'and all the estate, title and interest therein of the party of the first part." It is our construction of this clause, in connection with the rest of the deed, that by the deed there was conveyed to Mrs. Hall a life estate with the remainder over, and that such remainder must be held to be a contingent remainder under the statute, contingent upon Mrs. Hall's leaving issue of her body her surviving, so that until her death it could not be determined who was entitled. The Revised Statutes define vested and contingent estates as follows : " Future estates are either vested or contingent. They are vested, when there is a person in being who would have an immediate right to the possession of the land, upon the ceasing of the intermediate or precedent estate. They are contingent, whilst the person to whom, or the event upon which they are limited to take effect, remains uncertain." (1 R. S. 723, § 13.) The remainder is contingent because both the person to whom, and the event upon which the estate is limited to take effect, are uncertain. The words " heirs of her body," as used in the habendum clause, mean descendants, and, therefore, the person to whom the remainder over is to go must be a child or descendant, and the event upon which the estate takes effect is the death of the life tenant leaving some descendant her surviving. The requirement that the reversion should go to an heir of her body her surviving places a contingency upon the remainder, for it could not be determined until the death of the mother whether she would leave an heir of her body her surviving. This conclusion is supported by the decision of this court in *Purdy* v. *Hayt* (92 N. Y. 446). In that case the remainder was limited to the children of the testator's niece that she might leave, and there was a gift over to take effect in case of her death not leaving lawful issue. Judge ANDREWS said : " The remainder is not to the children of the testator's niece, as a class, but to such children as she may leave at her death. The children now

living may not survive their mother, and whether they will ever be entitled to take under the will depends upon that contingency, and whether any of her present children will survive her cannot, of course, be known until her death. This brings the remainder precisely within the statute definition of a contingent estate, which declares that future estates are contingent whilst the person to whom, or the event upon which they are limited to take effect, remains uncertain, and within the fourth class of contingent remainders mentioned by Mr. Fearne."

As the child died, leaving no descendants, long before the death of his mother, the latter event found the lands undisposed of by the deed, and, as a necessary result, the plaintiff without title thereto.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____