WILLIAM A. OVERTON, Respondent, *v*. ARLINE A. WILSON, Appellant, Impleaded with NASSAU TRUST COMPANY OF THE CITY OF BROOKLYN, and Others, Defendants.

Second Department, March 28, 1913.

**Will construed — failure of gift in remainder — partition — tenants in common.**

A testator died leaving a widow, a son and a daughter. The son, who at the time of his father's death was married and had an infant son who subsequently died intestate, unmarried and without children, died leaving a will by which he devised all of his estate to his widow. The testator's daughter, who married after his death, died without having any children and devised all of her estate to her husband.

The testator, by will, devised the remainder of his estate, real and personal, to his executors, in trust, for the life of his wife, the income to be paid, a portion to his son, a portion to his daughter, and the residue to his wife. Upon the death of his wife, two additional trust estates were created. One-half of this estate was given to his executors in trust for the term of his daughter's life, the income to be paid to her, and the other half was given to said executors in trust for the term of his son's life, the income to be paid to him.

The testator further provided that " upon the death of either and each of my said children his or her share of my estate, real and personal, shall go to his or her issue in the same manner as though the same had come to them from their parents dying intestate."

In an action for partition of the real property of which the testator died seized, brought by the husband of the testator's daughter against the widow of the testator's son, *held*, that the testator intended that, upon the death of his son and daughter, the portion of the principal of his estate of which up to that time they had enjoyed the income, should go to their issue, and that, as the gift in remainder failed, the testator died intestate as to it and the same descended one-half to his son who devised the same to the defendant and the other half to his daughter who devised the same to the plaintiff, and that the plaintiff and defendant are seized as tenants in common, each of an undivided one-half of such real property.

APPEAL by the defendant, Arline A. Wilson, from part of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of January, 1913, upon the decision of the court rendered after a trial at the Kings County Special Term.

*Walter H. Bond*, for the appellant.

*Edward M. Grout* [*Charles B. La Voe* with him on the brief], for the respondent.

BURR, J.:

The determination of this case involves the construction of the will of Charles Wilson. Charles Wilson died October 29, 1882. He left a widow, Lucy J. Wilson, who died April 2, 1886. He left two children, a son, James E. Wilson, and a daughter, Kate Cornell Wilson. At the date of testator's death James E. Wilson, his son, was married to the defendant Arline A. Wilson, and he had living one son, Charles E. Wilson, at that time about eight years old. He never had any other children. Charles E. Wilson died on April 12, 1894, at which time he was not quite twenty years of age. He died intestate, unmarried and without issue. James E. Wilson, his father and the son of testator, died April 29, 1909, leaving a will by which he devised all of his estate to his widow, the defendant Arline A. Wilson. Testator's daughter, Kate Cornell Wilson, was about sixteen or seventeen years of age at the date of her father's death. On February 5, 1891, she married the plaintiff, William A. Overton. She never had any children. She died April 18, 1901. She devised all her estate to her husband, the plaintiff.

This action is brought for the partition of real property of which Charles Wilson died seized. The court at Special Term held that as to the ultimate estate in remainder he died intestate, and that the same descended one-half to his son, James E. Wilson, who devised the same to his wife, the defendant Arline A. Wilson, and the other to testator's daughter, Kate Cornell Wilson, who devised the same to her husband, the plaintiff. The judgment was to the effect that the plaintiff and Arline A. Wilson were seized as tenants in common each of an undivided one-half of such real property. We think the judgment is correct and that it should be affirmed.

By the 8th clause of his will Charles Wilson devised all the rest, residue and remainder of his estate, real and personal, to his executors in trust for a term measured by the life of his

Second Department, March, 1913.          [Vol. 156.

wife, the income to be paid, a portion to his son, a portion to his daughter, and the residue to his wife. At the expiration of the trust term above referred to, namely, upon the death of his wife, two additional trust estates were created. One-half of the estate was given to his executors in trust for the term of his daughter's life, the income to be paid to her; and the other half of the estate was given to said executors in trust for the term of his son's life, the income to be paid to him. Then followed the 10th clause of the will, which is as follows: "Upon the death of either and each of my said children his or her share of my estate, real and personal, shall go to his or her issue in the same manner as though the same had come to them from their parents dying intestate." If this language were construed literally, nothing would pass under the 10th clause of the will, because the share of the estate which his son and his daughter had was only a beneficial interest in the income during their respective lives. Upon the death of each that estate terminated. We think, however, that the meaning of the testator is clear; that he intended that upon the death of his son and his daughter that portion of the principal of his estate of which up to that time the said son or daughter had enjoyed the income should go to the issue of such son or daughter, and that this is permissible construction.

Let us consider, *first*, the one-half of the estate in which Kate Cornell Wilson had the beneficial interest during her life, and see what becomes of the remainder in that portion of the estate. If we suppose that instead of dividing the estate into two parts after his wife's death he had devised the whole to his executors in trust for a term to be measured by his daughter's life, the income to be paid to her, and then a clause had followed to the effect that upon her death said estate should go to her issue in the same manner as though she had died intestate, there would be no room for argument that as to this estate in remainder, inasmuch as Kate Cornell Wilson never had issue and there is no gift of the remainder over in default of issue, the testator died intestate, and that one-half of his estate passed by descent to his daughter, and the other half to his son, being vested in interest in them at his death, although not then vested in possession. But except that a fractional part,

instead of the whole of his estate, is given in trust for a term measured by his daughter's life, there is no difference between the case at bar and the supposititious case. The 10th clause of testator's will should, therefore, be read as if the words employed were, "Upon the death of my daughter the one-half part of my estate, real and personal, of which she had the beneficial interest during her life, shall go to her issue in the same manner as though such one-half part had belonged to my daughter absolutely and she had died intestate." As to this one-half part, therefore, the gift in remainder failed, and Charles Wilson died intestate as to it.

As to the one-half part of the estate which was given to the executor in trust for a term measured by the life of the son and in which he had the beneficial interest, there is more difficulty, but we have reached the conclusion that as to the ultimate remainder in this portion of the estate testator also died intestate.

Again, let us read the 10th clause of the will as relating to the son alone: "Upon the death of my son the one-half part of my estate, real and personal, of which he had the beneficial interest during his life, shall go to his issue in the same manner as though such half part had belonged to my son absolutely and he had died intestate." Upon the death of testator there was in being a person answering the description of "issue" of his son, namely, his grandson, Charles E. Wilson. If he had been expressly named in the will or specifically described, I think clearly that the remainder would have vested in him, because there was a person in being who would have an immediate right to the possession of the property on the determination of the intermediate or precedent estate. (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 40.) But this grandson was not expressly named nor specifically described. He was referred to as one of a class, namely, the issue of testator's son. Clearly the testator did not intend to limit the recipients of his bounty to those children of his son or daughter who might be living at the time of his death. In this respect the devise in this will is clearly distinguishable from the devise construed by us in the case of *Staples* v. *Mead* (152 App. Div. 745) and relied upon by appel-

lant. The fact that testator refers not only to the issue of his son but to the issue of his daughter, which daughter was, both at the time of the making of his will and at the time of his death, a young girl sixteen or seventeen years of age, and then unmarried, negatives this idea. Clearly he contemplated two classes, varying in number as additional children might be begotten by his son or children subsequently borne by his daughter. "A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number, at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number." (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86.) But the general rule is that when there is a devise to a class to take effect in possession subsequent to a particular estate, those persons are entitled to participate in the devise who were members thereof at the time when the precedent estate terminates. (*Teed* v. *Morton*, 60 N. Y. 502; *Stevenson* v. *Lesley*, 70 id. 512, 517; *Bisson* v. *West Shore Railroad Co.*, 143 id. 125, 130.) In the case at bar there were no members of either class when the precedent estates terminated, and the devise to these two classes failed, and as there was no gift over in the event of such failure, as to the ultimate remainder the testator died intestate.

But even if the estate in remainder as to one-half of the real property of which testator died seized might be deemed vested at testator's death in his grandson, Charles E. Wilson, it was a defeasible estate, and by his death during the lifetime of his father was defeated. As we have before pointed out, the residuary clause must be construed as though it read, " Upon the death of my son the one-half part of my estate, real and personal, of which he had the beneficial interest during his life, shall go to his issue *in the same manner* as though such half part had belonged to my son absolutely and he had died intestate." Force must be given to the words "in the same manner." The use of these words necessarily conveys the idea of survivorship of the parent by the issue. The words are not "in the same shares and proportions," in which case it might be referred to the fractional parts of the estate which each

would take, but "in the same manner." These words relate to the method of acquisition. In order that an heir shall inherit from an ancestor, it is necessary that he should survive him. In no other "manner" can he acquire an estate in land by the law of descent.

The judgment should be affirmed, with costs.

THOMAS, CARR, RICH and STAPLETON, JJ., concurred.

Judgment affirmed, with costs.