LEO F. SIMPSON, Plaintiff, *v.* KAMOS REALTY CO., INC., Defendant.

Fourth Department, March 14, 1928.

Vendor and purchaser — marketable title — property in question was conveyed in 1870 by then owner to daughter — habendum clause provided that daughter should hold premises for life " with remainder in fee to the heirs of her body, if any such there should be," and if not, with remainder to heirs of grantor — grantee reconveyed in 1872 to grantor — in 1903 sole heirs of grantee conveyed their interest to then holder of property — title is not marketable.

The specific performance of a contract to sell certain real property will not be declared against the purchaser since it appears that the title is not marketable. In 1870 the owner of the property conveyed a life estate therein to her daughter, " with remainder in fee to the heirs of her body, if any such there should be, and if not, then with remainder over to the heirs of the party of the first part." In 1872 the daughter conveyed the premises back to her mother, the grantor. Thereafter the property was conveyed through certain mesne conveyances which include a deed given in 1903 by the daughters of the grantee in the original deed. The original grantee and both her daughters are living.

The provision in the habendum clause granting the remainder to the heirs of the body of the grantee, " if any such there be," and if not, to the heirs of the grantor, would seem to refer to the contingency of survival of the grantee by her heirs, and if so construed the remainders would be contingent.

If, however, it be said that the remainder was vested in the heirs of the grantee, it is vested only subject to defeat by the death of the heirs before the death of their mother, the grantee, and that contingency still exists. If the daughters of the original grantee should die before their mother then the cross remainder, " over to the heirs of the party of the first part," would become effective.

If the phrase " heirs of her body " be construed to mean " descendants " then that phrase would include not only the immediate but remote descendants of the grantee, and if either of the daughters of the grantee should die before their mother leaving children such children would become remaindermen and the deed executed by said daughter in 1903 would not cut off the right of those remaindermen.

SUBMISSION of controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Charles E. Callahan,* for the plaintiff.

*Frederick Wiedman,* for the defendant.

CROUCH, J. This is a submitted controversy on an agreed statement of facts under section 546 of the Civil Practice Act.

Defendant has rejected the title of certain real property tendered by plaintiff in performance of a land contract between them. Plaintiff asks for a decree of specific performance.

Under date of May 2, 1870, Salome M. Hill conveyed the land in question to Emily W. Pierce, her daughter. The habendum

clause in the deed read as follows: " To have and to hold the said premises to the party of the second part for and during her natural life, with remainder in fee to the heirs of her body, if any such there should be, and if not, then with remainder over to the heirs of the party of the first part."

In 1872 Emily W. Pierce conveyed the premises back to her mother, Salome M. Hill. Then follow, in the chain of title, certain mesne conveyances which include a deed given in 1903 by Blanche Strebeigh, formerly Blanche Pierce, and Hattie H. Cole, formerly Hattie H. Pierce, described therein as being the sole heirs of the body of Emily W. Pierce, purporting to convey all of their estates and rights in the premises. It is this title, based on the deed from Emily W. Pierce in 1872 to her mother, plus the deed from her two daughters, which has been offered and rejected.

Emily W. Pierce is now living at Boston, Mass., and is eighty-five years of age. Hattie H. Cole resides with her mother, and is fifty-seven years of age. She was born before the date of the deed in question. Blanche Strebeigh is living and is fifty-five years of age. Salome M. Hill died in 1887. Whether she has any heirs other than Emily W. Pierce does not appear.

It is the contention of the plaintiff that under the deed from Salome M. Hill to Emily W. Pierce, the two children of the grantee (life tenant) took vested remainders, and hence that the deed given by them, plus the title which had come from their mother when she deeded back, made a good, marketable title.

In our opinion the title is not marketable. In reaching that decision it is immaterial whether the remainder be said to be contingent, as in *Hall* v. *La France Fire Engine Co.* (158 N. Y. 570), or vested, as in *Moore* v. *Littel* (41 id. 66). Under either theory, the deed from Mrs. Cole and Mrs. Strebeigh did not cut off the possibility that contingent interests of others might vest at the death of the life tenant.

1. In the *Hall* case the remainder was " to the heir or heirs of her body her surviving." The necessity of surviving was said to place a contingency upon the remainder. The remainder in question here is " to the heirs of her body, if any such there should be, and if not, then with remainder over to the heirs of the party of the first part." When the grant was made the life tenant had one child living. The phrase " if any such there should be, and if not " would seem, therefore, to refer, not to the contingency of the birth of children, but rather to their survival of the life tenant. If that is so, the remainder would be contingent.

2. If, however, we say the remainder is vested, it is so only within the doctrine (as distinguished from the decision, cf. *Hennessy*

v. *Patterson*, 85 N. Y. 91) of *Moore* v. *Littel* (*supra*), where the grant was to A for life with remainder to A's heirs. The dictum in the prevailing opinion that the heirs took a vested but defeasible estate seems to have become a settled rule of construction if not of law. (*Dougherty* v. *Thompson*, 167 N. Y. 472, 487; *Clowe* v. *Seavey*, 208 id. 496, 502; *Doctor* v. *Hughes*, 225 id. 305, 310.) The reason for the rule appears to be the meaning of the word " heir " as a term of art. " There [*Moore* v. *Littel*] the estate was defeated by the death of one who would have been an heir of the particular estate made, had he survived. But he died during the existence of the particular estate, and hence never became an ' heir.' " (*Livingston* v. *Greene*, 52 N. Y. 118, 123. And see, also, *Manhattan Real Estate Assn.* v. *Cudlipp*, 80 App. Div. 532, 536.) While the phrase " heirs of her body " is more restricted than the word " heir," yet used in a legal sense, the same reason should apply. In the absence of evidence to show a contrary intent, the phrase will be given its primary or technical meaning. There is no such evidence here. On this theory, therefore, Mrs. Cole and Mrs. Strebeigh had at most a vested estate subject to defeat by death before their mother. That contingency still exists.

3. If we say upon the authority of the *Hall Case* (*supra*) that the phrase " heirs of her body " means " descendants," still the case here does not fall within the authority of such cases as *Connelly* v. *O'Brien* (166 N. Y. 406), where the remainder is in terms to the " children " of the life tenant. " Descendants " is not equivalent to " immediate descendants " or " children." (*Matter of Pulis*, 220 N. Y. 196.) If Mrs. Cole or Mrs. Strebeigh should die before their mother, leaving children, such children would become remaindermen. They would be descendants or heirs of the body of the life tenant. Moreover, if both Mrs. Cole and Mrs. Strebeigh should predecease their mother, leaving no children, the cross remainder would become operative.

There should be judgment for the defendant, with costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Submitted controversy determined in favor of the defendant, with costs.