William P. Clyde, Jr., Petitioner, et al.,[1] v. Commissioner of Internal Revenue, Respondent.

Docket Nos. 74533–74536. Promulgated June 20, 1935.

*Francis L. Durk, Esq.*, for the petitioners.
*Dean P. Kimball, Esq.*, for the respondent.

#### OPINION.

Murdock: The Commissioner determined the following deficiencies in income tax of the petitioners for the year 1931:

| Name | Docket No. | Amount |
|------|-----------|--------|
| Mabel C. Hinshaw | 74533 | $954.16 |
| Ethel Clyde | 74534 | 848.63 |
| Marshall H. Clyde | 74535 | 848.63 |
| William P. Clyde, Jr | 74536 | 848.62 |

There is but one issue in each of these cases and that is whether or not the petitioner is entitled to deduct for 1931 a capital loss of $14,041.41. The cases have been consolidated and the facts have been stipulated. A brief statement of the facts will suffice for present purposes.

William P. Clyde, the father of the petitioners, died on November 18, 1923, a resident of the State of New York. His estate was a large and valuable one, most of which was placed in trust for his six children and their families. He owned at the time of his death a family residence in New York City and certain furniture, fixtures, and household property therein contained. The real property was valued for

---

[1] Proceedings of the following petitioners are consolidated herewith: Mabel C. Hinshaw; Ethel Clyde; and Marshall H. Clyde.

Federal estate tax purposes at $400,000 and the personal property contained therein at $40,941.35. The decedent was survived by his wife, Emeline F. Clyde, and six adult children, including the four petitioners. Emeline F. Clyde was then 82 years of age. She died on February 3, 1931, survived by the same six children. Article XIII of the decedent's will is in part as follows:

I give and devise my residence in the borough of Manhattan, city of New York, known as 1 West 51st Street, together with the furniture, fixtures, and household effects therein, to my wife, EMELINE F. CLYDE, during her life and direct that the same shall only be sold or exchanged upon her request and in the event of sale of the real property a trust of the proceeds shall be created and set apart and the income thereof applied to the use of my said wife during her life.

Upon the death of my said wife I direct that the said property shall be sold and the proceeds thereof, or the principal of the above trust fund in event of a prior sale, divided in equal shares among my then surviving children and the issue of any deceased.

The executors of the decedent sold the real and personal property mentioned above in the year 1931 immediately after the death of Emeline F. Clyde. The proceeds of the sale were distributed by the executors to the six children, including the four petitioners. The net proceeds from the sale of the real estate amounted to $282,809.19. The net proceeds from the sale of the personal property amounted to $17,397.96. The Commissioner disallowed the loss claimed by each petitioner on account of the sale above described.

The petitioners contend that the first sentence of section 113 (a) (5) of the Revenue Act of 1928 applies and gives them as a basis for gain or loss upon the disposition of the residence and its contents the value of their interest in the property at the time of their father's death. The respondent contends that the third sentence of section 113 (a) (5) applies and each petitioner's basis is the fair market value of the property at the time of the distribution. The two provisions of section 113 (a) (5) in the order in which they appear in the statute, are as follows:

If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. * * * In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer.

The petitioners concede that if they did not receive a vested interest at the death of their father, but received only a contingent interest which did not vest until their mother died, the determination of the Commissioner is correct. Cf. *Lane* v. *Corwin*, 63 Fed.

(2d) 767; certiorari denied, 290 U. S. 644. Discussion will be limited to the question of whether or not the petitioners took a vested interest at the death of their father.

The question of whether the petitioners acquired vested or contingent interests in the property in question upon the death of their father must be determined under the laws of New York, since the property in question was situated in the State of New York and the courts of that state had jurisdiction over it. That law makes no distinction between remainder interests in personal property and remainder interests in real property; that is, the rules of law relating to vested and contingent remainders of real property apply also to bequests of personalty. See ch. 41, sec. 11, Consolidated Laws of New York; McKinney's Consolidated Laws of New York, Annotated, Book 40, p. 9, *et seq.*, and Book 49, p. 54; *Stringer* v. *Young*, 191 N. Y. 157; 83 N. E. 690. The following statutory provision relating to real property is found in chapter 50, section 40, of the Consolidated Laws of New York (see McKinney, Book 49, p. 53):

When future estates are vested; when contingent. A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain.

There are a number of canons of construction designed to aid in the interpretation of wills, but " the primary one, to which all others are subordinate, [is] that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail." *In re Beuchner*, 226 N. Y. 440; 123 N. E. 741. The petitioners argue that each of them was in being at the time of the decedent's death, each would have had at that time an immediate right to the possession of the property had the precedent estate, the life estate of the mother, suddenly terminated, and therefore they had a vested interest. If the statutory definition of a vested interest stood alone, their argument would have greater force. However, it does not stand alone, but is followed by a definition of a contingent interest. The latter provides that an estate is contingent while the person to whom or the event on which it is limited to take effect remains uncertain. Thus, in order for a remainder to vest, there must not only be a person in being who would have a right to the possession should the particular estate immediately determine, but the person in being must be one whose right ultimately to enjoy the remainder is fixed and certain during the pendency of the particular estate. Where the person entitled to take the remainder can not be ascertained until the termi-

nation of the precedent estate, the remainder is contingent under the laws of New York. *In re Beuchner, supra.*

The testator disposed of the remainder interest in the property in question in the second paragraph of article XIII of his will. The words which he used in that paragraph are of particular significance. The only gift to the children lies in the direction to distribute the proceeds of a sale at a future time, to wit, " upon the death of my said wife." The words of gift are that the proceeds of the sale " shall be  *  *  *  divided in equal shares among my then surviving children and the issue of any deceased." The testator used words of survivorship in defining the class of persons who were to share in the remainder. He made the class consist of his " then surviving children and the issue of any deceased." If, by the use of the word " then ", he meant to refer to the date of his own death, there was no uncertainty at that time as to the persons to whom the remainder was limited to take effect. If, however, by the use of the word " then " he intended to refer to the death of his wife, the life tenant, the petitioners took no more than contingent interests in the remainder, since, in that event, the persons who were intended to take the remainder remained uncertain until she died.

The word " then " in the second paragraph of article XIII of the decedent's will was intended to refer to the words " upon the death of my said wife." After he had given the life estate in this particular property to his wife, the testator next contemplated and mentioned the contingency of her death. The remainders to the children were in terms limited upon that event. The class of persons who were to take the remainder interests was to include only those children who survived the testator's wife. Until she died the persons who were given an interest in the remainder remained uncertain. The language expresses a clear intention that there should be no immediate vesting in any of the children at the death of the testator. An examination of the rest of the will strengthens this view. This residential property was apparently but a relatively small part of a large estate which had belonged to the testator during his life. In other parts of his will he made elaborate and precise provisions for each of his children and for any spouse or issue of any child who might predecease the testator. The will as a whole clearly indicates that in article XIII the testator did not intend to make any provision for a child who should die without issue prior to the death of the testator's wife, but intended that the remainder interest in this particular property should vest at the death of his wife in such of his children and issue of deceased children as should survive the testator's wife. He thus annexed futurity to the sub-

stance of the gift of the remainder and brought within the statutory definition of a contingent remainder the gifts to his children. Cf. *In re Beuchner, supra; In re Crane*, 164 N. Y. 71; 58 N. E. 47; *Hall* v. *La France Fire-Engine Co.*, 158 N. Y. 570; 53 N. E. 513; *Bryer* v. *Finnen*, 165 N. Y. S. 805; *In re Bendheim's Estate*, 209 N. Y. S. 141; *Carmichael* v. *Carmichael*, 43 N. Y. 346. The intention of the testator can not be overlooked. The Commissioner made no error in determining the deficiency. Cf. *Lane* v. *Corwin, supra*. See also *Anderson* v. *Wilson*, 289 U. S. 20.

The case of *Connelly* v. *O'Brien*, 166 N. Y. 406; 60 N. E. 20, other cases cited by the petitioners, certain canons of construction referred to in those cases and in the petitioners' brief, and rulings of the Bureau of Internal Revenue cited by the petitioners, have not been overlooked in the decision of this case. Early vesting of estates is favored in the law. Likewise the law favors the construction of a will which will avoid the disinheritance of remaindermen who may happen to die before the termination of a precedent estate. Courts have said that adverbs of time should be construed to relate either to the time of the death of the testator or to the time of the enjoyment of the estate, not to the time of its vesting in interest. But such a rule must not be invoked to misread the plain meaning of words or to defeat the intent of a testator. The petitioners were in being at the time of their father's death and at that time they would have had an immediate right to the possession of the property had the precedent estate terminated. They thus seek to paraphrase the definition of a vested interest contained in the New York statute. However, when the definition of a contingent interest is considered, it is perfectly clear that the question of which kind of an estate they received depends upon whether the class of remaindermen was fixed as survivors of the father or as survivors of the mother. Cf. *In re Beuchner, supra; In re Crane, supra; Doe* v. *Considine*, 73 U. S. 458. The language used by the present testator is different from the language used by the testator in the case of *Connelly* v. *O'Brien*. The court there pointed out that the remainders to the testator's children were not in terms limited upon the death of the widow, the contingency of her death was not mentioned in the will, and the only precedent event to which the word " then " in that case could refer was to the death of the testator. Although the court there held that the enjoyment, but not the vesting, of the remainders was postponed until the termination of the life estate, nevertheless that case is not in conflict with the present case. In each the decision is made to depend upon the intention of the testator.

*Decision will be entered for the respondent.*