In the Matter of the Construction of the Will of JENNIE ORR, Deceased.

Surrogate's Court, New York County, April 28, 1948.

*Jesse Perlmutter,* as substituted trustee under the will of Jennie Orr, deceased, petitioner in person.

*Holdeen, Elias & Holden* for Gabriel Elias and another, respondents.

*Sidney R. Fleisher* for Earl T. Crooker, respondent.

*Henry T. Hornidge* for Florence D. Kiddle and Henry T. Hornidge, as committee, respondents.

COLLINS, S. In this proceeding for construction of deceased's will the court is asked to determine the effect of the text of paragraph fourteenth wherein the testatrix created a trust of one fourth of her residuary estate for the benefit of her nephew "for and during the term of his natural life and upon the death of my said nephew, Robert M. Dunham, I give, devise and bequeath the principal of said trust fund * * * unto the issue of my nephew, Robert M. Dunham, absolutely and forever."

The nephew named as life tenant of this trust still survives. His only child, Donald O. Dunham, died on June 4, 1939, without issue. During the latter's lifetime he had assigned his interest in this estate to two persons who have been made parties to this proceeding. The assignees of the grandnephew of deceased contend that his interest in the remainder survived his death. This contention is manifestly incorrect. The gift of the remainder was clearly contingent for it was made to a class whose composition could not be determined until the death of the life tenant. "When property at a future date is to pass to a certain class of persons it will be distributed amongst the persons who composed such class at the date of distribution." (*Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127, 133. To the same effect see *Bisson* v. *West Shore R. R. Co.,* 143 N. Y. 125; *Teed* v. *Morton,* 60 N. Y. 502.)

Since the interest of Donald O. Dunham in this estate was contingent upon his surviving the life tenant his failure to do so terminated whatever rights he may otherwise have had. Consequently those rights which his assignees acquired under the assignments were completely extinguished when he died during the lifetime of the primary life tenant. For that reason they cannot now be regarded as having any interest in this estate or the trust under the will. It is too early yet to say, however, that the remainder passes as intestate property for the possibility of issue surviving the life tenant still remains.

Submit, on notice, decree construing the will in accordance with the foregoing.