In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under the Will of THOMAS GAUNT, Deceased.

Surrogate's Court, New York County, February 6, 1953.

*Andrew Y. Rogers, Joseph A. Bambury* and *Laurence A. Spelman* for trustee, petitioner.

*C. E. Bensel* for Amy G. MacDonnell, respondent.

Collins, S. Decedent bequeathed his residuary estate in trust with the income payable to his wife and his sister successively. Both beneficiaries survived the testator and, as he anticipated, his sister was the longer lived and the trust terminated on her death in 1949. The testator disposed of the trust remainder in the following language: " From and after the death of my wife and of my said sister, I give, devise and bequeath the said rest, residue and remainder of my estate, to the children of my said sister, Amy Donnell, share and share alike, per capita and not per stirpes." At the date of the will and at the testator's death his sister had three children. Two of these children predeceased their mother and she was survived by but one child.

The trustee submits the question whether the trust remainder is payable to the sole surviving child of the testator's sister or is payable in equal shares to such child and the estates of the deceased children of the testator's sister. If the will provided a present gift of the remainder that vested on the testator's death in his sister's three children then living, the interest of a child was not divested by his death prior to the termination of the trust and as a consequence a one-third share of the trust principal would be payable to the estate of each deceased child. On the other hand, if the interest of a child was contingent upon

his surviving until the termination of the trust, such interest would be extinguished by his death.

Had the testator intended to bequeath the trust principal to the three children of his sister who were living at the time of the will's execution, and who were known to him, it is to be assumed that he would have provided gifts *nominatim* to such persons with substitutionary gifts to be effective in the event one or more of such persons should predecease him. It must be concluded that the testator's failure to identify the legatees by name was expressive of an intent that the takers were to be ascertained at a time subsequent to the date of the will. Whether that subsequent time is the date of the testator's death or the date of actual distribution is determined by the intention of the testator. The disposition made by the testator of the trust remainder includes all of the characteristics of a gift to a class. The bequest was one of property as an aggregate, without certainty as to the number of takers and the amount of each share, to persons identifiable by their kinship to another. It has been considered that an ultimate disposition of property to a class upon the termination of a trust estate is indicative of an intention that the composition of the class be fixed at the termination of the period of suspension and not before. " Where final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. (*Matter of Crane,* 164 N. Y. 71, and cases cited; *Matter of Baer,* 147 N. Y. 348, 354, and cases cited; *Delaney* v. *McCormack,* 88 N. Y. 174, 183; *Robinson* v. *Martin,* 200 N. Y. 159; *Dickerson* v. *Sheehy,* 209 N. Y. 592; *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 583.) '' (*Matter of Pulis,* 220 N. Y. 196, 204. See, also, *Matter of Curtis,* 252 App. Div. 256, affd. 278 N. Y. 589; *Matter of Orr,* 192 Misc. 608, affd. 275 App. Div. 702, affd. 300 N. Y. 571; *Matter of Emery,* 202 Misc. 90; and *Matter of Carroll,* 105 N. Y. S. 2d 561.)

The court holds that the trust remainder is payable to Amy G. MacDonnell, the sole child of testator's sister living at the termination of the trust.

Submit decree on notice construing the will and settling the account.