In the Matter of the Construction of the Will of JOHN L. PRESTON, Deceased.

Surrogate's Court, Orleans County, March 9, 1953.

*Hubert J. Gillette* for John C. Preston, petitioner.

*Hamilton Doherty,* special guardian.

STURGES, S.  John L. Preston died on March 24, 1880, seized of the fee to his farm in the town of Clarendon, Orleans County, New York, leaving his wife Margaret Annie Preston and two children, John C. and George A. Preston, as his only heirs.  He left a will dated December 13, 1878, which was probated in Orleans County Surrogate's Court on April 19, 1880.  The pertinent paragraphs of said will are as follows:

" SECOND: I give and bequeath & devise, the use rent and occupation & exclusive benefit of all my real estate, consisting of my farm where I now reside in said Town of Clarendon to my said wife for & during the term of her natural life.

" THIRD: After the decease of my said wife I give and bequeath & devise my said real estate to the lawful heirs of my said wife Margaret Annie Preston."

The petitioner, John C. Preston, and George A. Preston, the only children of the said John L. Preston, were twin brothers born on December 13, 1879.  The said George A. Preston died in 1886, when he was about seven years of age, leaving as his only heir his mother Margaret Annie Preston.  Margaret Annie Preston remarried and became known as Margaret Anna Jaynes but she had no other children and died July 17, 1922, leaving as her only heir her son, John C. Preston, the petitioner in this proceeding.  However, Margaret Anna Jaynes left a will which was duly probated in this court under which she devised the life use of any real estate of which she died seized to the said John C. Preston, with the remainder to his issue and with the further provision that if the said John C. Preston died without leaving any children him surviving, her real property should go to the children of Chester Preston, who was a brother of her deceased husband.  John C. Preston is unmarried and has no children and alleges that he never knew of any children of the said Chester Preston.  John C. Preston desires to sell and convey the real property of which his father, John L. Preston, died seized, and it has been suggested that, under the will of

John L. Preston, his infant son, George A. Preston, became vested of a one-half interest in the fee, subject to the life use of his mother, Margaret Annie Preston, and that his vested one-half interest in the fee went to his said mother, as his only heir, upon his dying intestate during infancy; and that under such a construction his one-half interest would pass under his mother's will. The petitioner has asked for construction of the will of John L. Preston and contends that his twin brother had no vested interest in the real property of his father since he did not survive his mother and was not therefore one of " the lawful heirs " of Margaret Annie Preston entitled to take under paragraph " THIRD " of the will of the said John L. Preston.

There are many cases attempting to define and distinguish vested and contingent estates and section 40 of the Real Property Law now reads as follows: " A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

The language of this section and previous statutes and early decisions as to the common law have been the subject of much litigation and resulted in considerable confusion. Whether we construe the decedent's will to have vested a one-half interest in the infant, George A. Preston, but subject to diminution if the life tenant, his mother, should die leaving several children and subject to being entirely divested if said infant should die before his mother, the life tenant, as appears to be the reasoning in *Moore* v. *Littel* (41 N. Y. 66) and in *Jackson* v. *Littell* (56 N. Y. 108) or whether we construe the will to have given the infant, George A. Preston, a contingent estate because given to a class whose composition could not be determined until the death of the life tenant and that the death of the infant, George A. Preston, long before the death of the life tenant, his mother, terminated and extinguished whatever rights he may have had, the result is the same. However, this latter construction and reasoning seems to prevail in the late opinions. (See *Matter of Orr,* 192 Misc. 608, affd. 275 App. Div. 702, affd. 300 N. Y. 571; *Matter of Burk,* 298 N. Y. 450, and *Hall* v. *La France Fire Engine Co.,* 158 N. Y. 570, 575.) These latter cases hold that language in a will, similar to the language in the will of John

L. Preston indicates a gift to a class which cannot be determined until the death of the life tenant, and at which time the remainder vested. The court in *Dougherty* v. *Thompson* (167 N. Y. 472) criticizes the holding in *Moore* v. *Littel* (41 N. Y. 66, *supra*) but points out that the court in *Moore* v. *Littel* also holds that the death of an expected remainderman, during the lifetime of the life tenant, defeats his interest and divests the remainder.

I find no authority which warrants the conclusion that Margaret Annie Preston, later known as Margaret Anna Jaynes, the life tenant, became seized of an interest in the remainder by reason of being the heir of the infant, George A. Preston. As Judge Cardozo said in his opinion in *Matter of Bostwick* (236 N. Y. 242, 245-246) : "Whatever right he had, whether it be classified as vested or contingent, was subject to be divested by his death before his mother."

Moreover, it is fundamental that it is the intent of the testator as expressed in his will, that governs. It will be noted that in paragraph "second" of his will, the testator says "I give and bequeath & devise, the use   *   *   *   to my said wife for & during the term of her natural life." And, in paragraph "third", the testator says "After the decease of my said wife I give and bequeath & devise my said real estate to the lawful heirs of my said wife Margaret Annie Preston." From the reading of this language, it appears certain that the testator had no intention of permitting his wife to devise the remainder or any part of the remainder of her will as she might desire, but that the testator intended that the remainder should go, under his will, to the heirs of his wife. The testator certainly knew that the heirs of his wife could not be determined until her death and he indicated this by the language in the third paragraph when he says "After the decease of my said wife I give and bequeath & devise my said real estate to the lawful heirs of my said wife Margaret Annie Preston". Under the fiction or theory that a son and prospective heir of his wife would become vested in the remainder to the extent that his mother, the life tenant, could inherit the son's interest, we would have a situation wherein the testator's wife might become seized of all or a part of the remainder and by her will devise it to persons other than her heirs and thus defeat the entire plan of the testator. Such a construction is entirely contrary to the intent of the testator as contained in the language of his will.

I hold that, upon the death of the life tenant Margaret Annie Preston, later known as Margaret Anna Jaynes, John L. Preston became seized of the entire remainder by reason of being the only lawful heir of the testator's wife Margaret Annie Preston.

Submit decree construing the will in accordance with the foregoing.