In the Matter of the Construction of the Will of DAVID RUMPH, Deceased.

Surrogate's Court, Richmond County, March 12, 1954.

*George J. Schneider* for Maude E. Baier, petitioner.

*David Robinson* for George Marks and another.

*Joseph Di Fede* for Arthur Rumph and others.

BOYLAN, S. David Rumph died a resident of Richmond County on September 19, 1901, leaving a last will and testament which was admitted to probate on October 10, 1902.

The petition for probate sets forth that his heirs and next of kin were Rhoda Rumph, his widow, a son William and two daughters, Georgiana Marks and Martha Wall. A granddaughter, one of the children of Georgiana Marks, now seeks a construction of Paragraph 5 of the will which reads as follows: "5. I direct my executrix to sell my farm at Springfield, Queens County, N. Y. and out of the proceeds to pay to each of my daughters, Georgiana Marks' and Martha Wall the sum of $500 each and the rest, residue and remainder of the proceeds of sale to be invested and the rents, issues and profits to be divided between my daughters in equal shares and upon their death the sum so invested to be divided among their children. If they leave no issue them surviving, then to such of my son William's children as may be living."

The daughter, Georgiana Marks mentioned in this paragraph died leaving issue, while the other daughter, Martha Wall, died without issue. The question has arisen whether the trust estate passes in its entirety to the issue of Georgiana Marks or whether the children of decedent's son William participate in the distribution.

No citation is necessary in support of the fundamental proposition that, in construing a will, the intention of the testator is to be sought in all his words and when ascertained is to prevail.

The sole evidence of testamentary intent before the court is found in the language of the will itself. It evidences a clear testamentary plan to provide for all members of the testator's family. Paragraph 2 gives, devises and bequeaths the residence to his wife. Paragraph 3 gives, devises and bequeaths a parcel of land to his son William. Paragraph 5 directs that his farm in Queens be sold and that out of the proceeds each daughter receive $500 and the rest to be placed in trust. He did not want the title to his Queens County property to pass to his daughters. They were married, and in the event of the death of either having issue, a right of curtesy would arise in favor of their husbands. As he did not want his estate to go outside of the family circle, he placed the proceeds from the sale of the real property in trust, thus placing his real estate out of the reach of his sons-in-law. Paragraph 6 directs that all the rest, residue and remainder of his real estate be sold and the proceeds divided among his children and wife in equal shares. Testator thus provided for all members of his family and in a manner which gives each of them a share.

In the absence of an indicated intent to the contrary, the words and expressions found in a will are to be given their usual and ordinary meaning without enlargement and without restriction. (*Matter of Watson,* 262 N. Y. 284; *Matter of Hogeboom,* 219 App. Div. 131.)

The decedent in referring to his daughters used the plural. The latter part of Paragraph 5 reads as follows: " upon *their* death the sum so invested to be divided among *their* children. If *they* leave no issue *them* surviving".

The use of the word " they " where applied to two persons is synonomous with and can be used interchangeably with the word " both ". Consequently, the last sentence of Paragraph 5 can be restated as follows: " If *both* leave no issue them surviving, then to such of my son William's children as may be living."

It is difficult to appreciate that the testator intended that the issue of one of the daughters would suffer because of the failure of the other to have issue. His wife and his son William received their shares outright, whereas the two daughters merely received $500 each together with the income of the corpus. Therefore, the widow and son William were in a better position financially than the two daughters, which can only mean that the issue of the daughter or daughters were to enjoy the corpus.

Where the proposed beneficiaries of a gift are described as the " children ", " descendants " or " issue " of a testator

or another, or by other generic or general designation without further particularization of description, the gift is to a class. (*Overton* v. *Wilson,* 156 App. Div. 22, affd. 209 N. Y. 573.)

Where a gift to a class is preceded by a life or trust estate, and no time has been designated for the ascertainment of the identity of the class, membership will be determined as of the date of the termination of the intervening estate or trust. (*Matter of Pulis,* 220 N. Y. 196; *Matter of Coolidge,* 85 App. Div. 295, affd. 177 N. Y. 541.)

It should be noted that the decedent designated a time for ascertainment of the identity of the class when he stated '' upon their death ''. Those who ultimately comprise the class take share and share alike unless it appears that a different method of division was intended by the testator. (*Matter of Title Guar. & Trust Co.,* 159 App. 803, affd. 212 N. Y. 551.) There is no other method set forth in the will.

The only persons who answer the descriptions of '' their children '' are the children of Georgiana Marks and, therefore, they are the only persons who share in the distribution to the exclusion of the children of William.

Enter decree in accordance herewith.