J. Kenneth Servé, S.
This is a proceeding for a construction of the second paragraph of the will of George W. Gunby and the same reads as follows: ‘ ‘ second. I give, devise and bequeath to my wife, Marjorie Gunby, of said Town of Yates, Orleans County, New York, the use and income of the farm where I now reside, formerly known as the William Regling farm, together with my adjoining farm on the north, formerly known as the Ernest Baumann farm, for and during the term of her natural life, and upon her death, I give and devise said farms to her children, then living, to be equally divided between them, share and share alike, absolutely and forever.”
At the time of the testator’s death he was survived by his wife, Marjorie Gunby, and two daughters of a prior marriage. His wife, Marjorie, had been previously married and as a result of such union, she had three children, Robert E. Chaffee, Chester A. Chaffee and Michael L. Chaffee. There were no children born to the marriage of the testator and his wife, Marjorie. At the time of the execution of the will and of the death of the testator all of the afore-mentioned children were alive. The death of the testator occurred on the 22d day of February, 1944, and at that time he was 61 years old and his wife was 35. Marjorie Gunby remarried and as a result of such marriage Susan Thiel was born, and she is the infant, aged 11 years, interested in this proceeding. Marjorie Gunby (Thiel) died February 7, 1960 and she was survived by her above-named four children.
The construction is sought to determine if Susan Thiel is a devisee and a tenant in common with the above-named Robert E. Chaffee, Chester A. Chaffee and Michael L. Chaffee under the terms and provisions of paragraph Second of the testator’s will. The petitioner takes the position that the words ‘ ‘ her children ” in that paragraph do not include Susan Thiel as the testator did not make a gift to a class, but only referred to the three children of Marjorie Gunby, who were living at the time the will was executed and also at the time of the death of the testator, and that the testator did not intend to include any child born to Marjorie Gunby following his death as a result of a subsequent marriage to a third person. The special guardian has taken the opposite view.
In any will construction proceeding, it is the primary object of the court to determine from the language used in the will what the testator actually meant at the time the will was executed. In searching for the maker’s intent, the court is not restricted to that part which is being construed, but the instrument as a whole should be examined to discover the testamentary scheme of the testator at the time he executed the will.
*157 In the will at Bar, the testator has designated every beneficiary by name except when he referred to the children of his wife, Marjorie. When he devised and bequeathed a share of his estate to his natural children, namely two daughters, he identified them by name. At the time he signed his will, he knew the names of the children of his wife, Marjorie, and if he desired that the devise of the farms referred to in paragraph Second should be restricted to her three children then living, he could have referred to them by their names, or designated them by using the language ‘ ‘ her three children. ’ ’ This failure to make the devise nominatim is significant in determining the testator’s intent. (Matter of Gaunt, 204 Misc. 622, 624.)
The language of the will is clear. A life estate in the two farms was given to the widow, Marjorie, and the remainder interest in said farms was devised to her children, without designation by name or number. This is testamentary language, which has generally been held, creates a class gift, unless there is an expressed contrary intent discernible from the language of the will. (Matter of Doherty, 227 App. Div. 265, 267; Matter of Seebeck, 63 Hun 179, 181; Matter of Rumph, 205 Misc. 404, 406, 407.) There is nothing in the present will, which takes it outside the general rule. The members of the class existing at the date of the testator’s death take a vested interest in the remainder, but subject to open and let in persons of the class born subsequently and before the time appointed for the enjoyment of the object of the gift. (Rasquin v. Hamersley, 152 App. Div. 522, affd. 208 N. Y. 630; Monarque v. Monarque, 80 N. Y. 320; Matter of Pulis, 220 N. Y. 196.)
The time appointed for the enjoyment of the devise of the remainder was upon the death of the life tenant, Marjorie Grunby (Thiel), and at that moment, the class, which had remained open for new members, was closed. All, who were members of the class at the time of closing, are entitled to share in the devise. The general rule is expressed in the case of Overton v. Wilson (156 App. Div. 22, 26, affd. 209 N. Y. 573) in the following language: ‘ ‘ But the general rule is that when there is a devise to a class to take effect in possession subsequent to a particular estate, those persons are entitled to participate in the devise who were members thereof at the time when the precedent estate terminatés.”
In the case of Matter of McEwan (202 App. Div. 50) the estate was given to a class consisting of the testator’s grandchildren and one daughter, but the right to enjoyment thereof was postponed for five years or until the death of the daughter, whichever event should sooner occur. At page 52 the court said:
*158 “We think this case falls within the rule that ‘ the devise or bequest of a corpus or aggregate fund to children as a class, where the gift is not immediate, vests in all the children in existence at the testator’s death, but so as to open and let in children who may come into existence afterwards at any time before the fund is distributable. ’ (1 Schouler, Wills [5th ed.], § 530.) ”
In line with long-established authorities, and based on the clear language of the will, my conclusion is, that, Susan Thiel is a devisee and tenant in common with Robert E. Chaffee, Chester A. Chaffee and Michael L. Chaffee under the terms and provisions of paragraph Second of the will.